## GEORGIA BLDG. CO. et al. v. BURDETT et al.

(Supreme Court, Special Term, Kings County. November 21, 1914.)

1. PLEADING (§ 411\*)—DEFECTS—WAIVER.

　　While defendant should not plead a special defense and counterclaim without separating them, plaintiff, who, without requesting a severance, demurred to the answer, on the ground that the counterclaim was not authorized and that the special defense did not state facts sufficient to constitute a defense, waived the improper joinder.

　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1384, 1385; Dec. Dig. § 411.\*]

2. CORPORATIONS (§ 477\*)—CONVEYANCES—VALIDITY.

　　A mortgage, executed by one to whom the directors of a corporation transferred real property for the purpose of avoiding the statute requiring the consent of two-thirds of the stockholders, is invalid, though the mortgage was made pursuant to a binding obligation.

　　[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1857–1863, 1865–1869; Dec. Dig. § 477.\*]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. CORPORATIONS (§ 477*)—MORTGAGES—VALIDITY—PERSONS ENTITLED TO DEMAND CANCELLATION.

Where minority shareholders of a corporation agreed to the mortgaging of its property in consideration of advances by another, and after the advances were made refused to consent to the mortgages, they are not entitled to the aid of a court of equity to cancel mortgages executed by one to whom the directors of the corporation transferred its property to evade the statute requiring the consent of two-thirds of the stockholders, for they do not come into court with clean hands.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1857–1863, 1865–1869; Dec. Dig. § 477.*]

Action by the Georgia Building Company and others against Cyril H. Burdett and others. On motion by defendant for judgment on the pleadings, and on plaintiffs' demurrer to the separate defense and counterclaim in the answer, brought on as a contested motion. Defendants' motion for judgment denied, and plaintiffs' demurrer overruled.

Charles Dushkind, of New York City, for plaintiffs.
W. T. Clare, of New York City, for defendants.

BENEDICT, J. [1] The separate defense stated in the amended answer served herein, and which is therein also styled a counterclaim, is not, in my opinion, obnoxious to the demurrer which the plaintiff has interposed. While it is true that it should not, strictly speaking, have been pleaded both as a defense and counterclaim without separation, the plaintiff did not ask to have such severance made, but demurred to it as a counterclaim on the ground that it is not of the character specified in section 501 of the Civil Code, and also that it does not state facts sufficient to constitute a cause of action, and demurred to it as a "defense or counterclaim" upon the ground that it is insufficient in law upon the face thereof. By thus demurring, the plaintiff cannot prevail if the defendant's answer be good either as a defense or as a counterclaim; whereas, had the plaintiff first compelled the separation to be made, he might perhaps thereafter have prevailed upon a demurrer addressed to one or the other form of the defendant's pleading, if the court should then have held that the facts pleaded did not constitute a defense or a counterclaim, as the case might be.

The action is in equity, and the principal relief sought is to have canceled certain mortgages, 29 in number, for the aggregate sum of $64,300, which are alleged to have been executed by the defendant Vernewl Realty & Construction Corporation through a transferee to whom the real property of the corporation had been transferred, so as to enable the statute, requiring the consent of two-thirds of the stockholders, to be disregarded, in fraud of the rights of minority shareholders, including the plaintiffs in the action.

[2, 3] The plaintiffs set up in their complaint an alleged fraudulent scheme by certain individual defendants, officers and directors of said company, to mortgage its property to another company, the defendant Montrose Realty Company, of which such individual defendants are also alleged to be officers and directors, to the detriment of the stockholders of the former company. Numerous circumstances connected

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

with the alleged fraud are set forth, but the only one that need be here considered is this: That a majority of the directors, in order to avoid the necessity of securing the consent of the holders of two-thirds of the capital stock issued and outstanding, authorized the transfer of the premises to a dummy, who gave the mortgage to the Montrose Realty Company.

The defense and counterclaim set up in the answer is in substance that the plaintiff corporations were engaged in erecting buildings on land owned by them, and were embarrassed financially, and that, to save the properties, the Vernewl Realty & Construction Corporation was formed for the purpose of taking over the said land and partly completed buildings and completing the buildings, and that the plaintiffs agreed that the new company might give second mortgages, upon the premises so to be conveyed to it, to whomsoever should advance the money for the purpose of completing the buildings; that by agreement duly made by the Vernewl Company through its directors with the Montrose Realty Company, the latter company did undertake to complete the buildings and to furnish certain funds therefor and did advance the money, it being part of such agreement that the mortgages should be given as security and that the plaintiff corporations, holding more than one-third of the stock of the Vernewl Company, in violation of their agreement upon the organization of the Vernewl Company, refused to give their consent to the mortgages, and therefore the directors of the Vernewl Company, to carry out their agreement with the Montrose Realty Company, resorted to the device above mentioned.

It scarcely need be said that such a device is wholly ineffectual to do away with the necessity of obtaining the consent of the stockholders in due form as required by statute; and, on the facts stated in the pleadings, the mortgages are invalid in law (although it is probable that they may be treated as equitable mortgages). But the question remains whether the plaintiffs are entitled to invoke the aid of a court of equity to have them canceled. If, as alleged in the answer, the plaintiffs agreed that such mortgages might be given, and in violation of their agreement, after the money had been advanced, refused to consent thereto, then they do not come into equity with clean hands, and equity will not aid them. The defense as pleaded is therefore sufficient. Whether defendants can have any affirmative relief upon the facts alleged need not, for reasons already stated, be determined at this stage of the action.

Some support for the conclusion above reached is derived from Hamilton Trust Co. v. Clemes, 163 N. Y. 423, 57 N. E. 614, although in that case the objectors were judgment creditors of the corporation, and not stockholders. But, assuming the facts alleged in the answer to be true, the plaintiffs, by their own acts, have in the case at bar deprived themselves of the right to invoke the equitable jurisdiction of this court, and hence are in no better position than were the judgment creditors in the case above cited. It may be noted, also, that the contract between the Vernewl Company and the Montrose Realty Company was made during the first year of the former's existence, when presumably the directors named in the certificate of incorporation were

still in office; and such directors, it would seem from the case above cited, possess somewhat wider powers to bind the corporation than those elected by the stockholders.

The complaint states a cause of action, and the separate defense is good, at least as a defense. The defendants' motion for judgment on the pleadings is therefore denied, and the plaintiffs' demurrer to the separate defense and counterclaim is overruled, with leave to the plaintiffs to withdraw the same and serve a reply within 20 days.